IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHRISTINE I. SCHULTE,

    Plaintiff,

vs.

NEW PENN FINANCIAL, LLC D/B/A
SHELLPOINT MORTGAGE SERVICING,

    Defendant.
_____/

## COMPLAINT

Plaintiff Christine I. Schulte, by and through undersigned counsel, sues Defendant New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing, and alleges:

### I. THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Christine I. Schulte is a natural person over the age of 21. She is a citizen of the State of Florida and resides in Duval County, Florida. She will be referred to also as "Plaintiff" or "Borrower."

2. Defendant New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing, (hereafter "Shellpoint") is a Delaware limited liability company with three natural persons as its managing members. Those natural persons are residents of the State of Pennsylvania. Accordingly, Shellpoint is a citizen of both Pennsylvania and Delaware.

3. Shellpoint is in the business of servicing federally related mortgage loans. As a mortgage servicer, Shellpoint, is subject to various federal laws and administrative regulations governing its mortgage servicing activities. These laws and regulations include, but are not

limited to, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. (hereafter "RESPA") and Regulation X, 12 C.F.R part 1024 ("Regulation X").

4. At all times material, Shellpoint serviced Borrower's mortgage loan, which is secured by real property located in Palm Beach County, Florida.

5. In this action Borrower asserts claims against Shellpoint under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Accordingly, this Court has federal question jurisdiction over her claim pursuant to 28 U.S.C. § 1331.

6. All acts and omissions that give rise to this lawsuit either occurred in Palm Beach, Florida, or relate to real property and related business transactions located in Palm Beach County, Florida. Accordingly, venue is proper in this Court.

## II. GENERAL ALLEGATIONS

7. Borrower owned a home located at 4207 N. Fairway Drive in Jupiter, Florida. On January 4th, 2016 Shellpoint began servicing Plaintiff's mortgage loan that gives rise to this lawsuit. At the time that Shellpoint began servicing the mortgage, a foreclosure lawsuit was pending. Accordingly, the loan was in default when Shellpoint began servicing it.

8. At the time that Borrower purchased the home described in Paragraph 7 above, it was her primary residence. She continues to use it for her own personal use.

9. As a mortgage servicer, Shellpoint is engaged in handling all of the accounting, customer service, collection, and virtually all other activities related to managing the residential mortgage loans in its portfolio. For all practical purposes, Shellpoint and other mortgage servicers generally appear to the borrowers whose loan they service as the mortgagee or "lender."  However, Shellpoint has never loaned Borrower any money, purchased her mortgage debt, nor engaged in any other activity that gives rise to a debtor/creditor relationship.

Rather, Shellpoint simply services Borrower's mortgage loan, and many other mortgage loans, as an independent contractor acting on behalf of the investors that actually own those debts. The majority of residential mortgage loans in the United States belong to investors and are serviced by mortgage servicers. Most of these investors are mortgage securitization trusts, sometimes referred to as "Real Estate Mortgage Investment Conduits" (REMICs), Collateralized Debt Obligations (CDOs), Collateralized Mortgage Obligations (CMOs), or secondary market participates such as the Federal National Mortgage Association (FNMA or Fannie Mae) and the Federal Home Loan Mortgage Corporation (FHMLC or Freddie Mac).

10. Because Shellpoint does not own Borrower's mortgage loan, Shellpoint is not a party to the various contracts that give rise to the debt or security interest at issue in this case. Accordingly, Shellpoint cannot enforce the contractual jury trial waiver provisions. Furthermore, Shellpoint would not realize a financial loss if the subject mortgage loan were ultimately foreclosed and the collateral property sold for less than the balance of the loan. Instead, that loss would fall upon the investor that contracts with Ocwen to serve as the loan servicer.

11. The vast majority of all residential mortgage loans in the State of Florida become effective when two legally operative documents are executed—a promissory note and a mortgage. Nearly all of the form promissory notes and mortgages used for these loans are written on standard forms published by FNMA. Borrower's mortgage and promissory note is written on a form published by FNMA.

12. A predecessor mortgage servicer assessed $4901.49 to Ms. Schulte's account for force-placed insurance. However, those charges were assessed in error because Ms. Schulte's property is part of a condominium association that always maintained adequate flood insurance.

13. On February 23rd, 2016, the state court entered a final judgment of foreclosure against Ms. Schulte. Although ambiguous, the final judgment appears to include amounts attributable to force-placed insurance.

14. A foreclosure sale has occurred, and the property sold for more than the judgement balance. Accordingly, Ms. Schulte is entitled to receive the surplus proceeds.

15. Because the judgment appeared to include amounts for improperly placed force-placed insurance, Borrower, through counsel sent Shellpoint an initial Notice of Error invoking the RESPA/Regulation X error resolution procedures in order to alert Shellpoint to the fact that force-placed insurance appeared to have been erroneously charged to her account.

16. Shellpoint failed to respond to Plaintiff's first Notice of Error, causing her to send a second one.

17. Shellpoint responded to the second Notice of Error by incorporating correspondence that it falsely claimed to have sent in response to the first. A true and correct copy of the foreclosure judgment, and Shellpoint's response to Plaintiff's Second Notice of Error is attached hereto as Exhibit "A" and Exhibit "B", respectively.

18. As Shellpoint explains in its response to Plaintiff's Notice of Error, the judgment confusingly contains provisions for "escrow charges" in the amount of $22,547.59, but credits in the amount of $22,804.58, which is actually more than the escrow charges.

19. The judgment itself was a preprinted form, which an attorney retained by and reporting to Shellpoint, prepared and submitted to the state court.

### III. CLAIM FOR RELIEF- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

20. Borrower re-alleges and incorporates by reference the allegations in Paragraphs 1 through 19 above.

21. Because Shellpoint routinely attempts to collect funds allegedly due under residential mortgage loans on behalf of the mortgagee/investor that owns the debt, and because it uses the instrumentalities of commerce in doing so, Shellpoint is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

22. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

23. The subject mortgage is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. The FDCPA prohibits debt collectors from making false or misleading statements in the collection of a debt. *See* 15 U.S.C. §1692e. Debt collector statements violate this prohibition if they are reasonably susceptible to more than one interpretation, at least one of which is inaccurate. *See E.g.*, *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008).

25. The 11th Circuit has recently held that statements made by a debt collector, including a statement made by a debt collector/attorney, are covered under 15 U.S.C. §1692e, even if the statements are made in the context of litigation and directed to opposing counsel or a court. *See Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1301 (11th Cir. 2015).

26. Shellpoint's statements concerning the escrow charges including the $4901.49 in charges related to force-placed insurance that were adopted by the state court and incorporated into the judgment can be reasonably interpreted as indicating that force-placed insurance charges are part of the judgment amount. Accordingly, these statements were false or misleading and

violate 15 U.S.C. §1692e, since Shellpoint's subsequent correspondence confirms that they were not actually included in the judgment.

27. As a result of Shellpoint's false and misleading statements to the state court that were incorporated into the judgment, Plaintiff has been damaged. Plaintiff damages include the costs of sending her two Notices of Error, including reasonable attorney's fees for the preparation of the second one.

28. In addition, Plaintiff is also entitled to an award of statutory damages and attorney's fees and costs under 15 U.S.C. §1692k.

29. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff Christine Schulte respectfully requests that this Honorable Court enter judgment in her favor in the total amount of her damages as determined at trial together with an award of prevailing party attorney's fees and taxable litigation costs.

Respectfully Submitted,

THE LAW OFFICES OF JEFFREY N. GOLANT, P.A.

1999 N. UNIVERSITY DRIVE STE. 213
CORAL SPRINGS, FL 33071
Phone: (954) 942-5270
Fax: (954) 942-5272
Email: jgolant@jeffreygolantlaw.com
**By: /S/ JEFFREY N. GOLANT, ESQ.**
Fla. Bar No.: 0707732
*Counsel for Plaintiff Christine Schulte*